**Tajudeen Kolawole MANLIKI, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

**No. 05–77183.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 16, 2007.

Filed April 2, 2007.

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

Tajudeen Kolawole Manliki, Northwest Detention Center, Tacoma, WA, Matthew H. Adams, Esq., Neha Chandola, Esq., Northwest Immigrant Rights Project, Seattle, WA, for Petitioner.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, District Counsel, Immigration and Naturalization Service Office of the District Counsel, Susan M. Harrison, Esq., Office of the U.S. Attorney, Seattle, WA, for Respondent.

Before: B. FLETCHER, GRABER, and McKEOWN, Circuit Judges.

### MEMORANDUM *

Petitioner Tajudeen Kolawole Manliki petitions for review of an order of the

---

* This disposition is not appropriate for publication and is not precedent except as provided

Board of Immigration Appeals ("BIA") dismissing his appeal from an immigration judge's ("IJ") removal order. We deny the petition in part, grant the petition in part, and remand.

■ 1. The IJ applied the correct legal standard in determining that Petitioner's conviction qualified as a "particularly serious crime." 8 U.S.C. § 1231(b)(3)(B). We review this question de novo. *Afridi v. Gonzales,* 442 F.3d 1212, 1215, 1218 (9th Cir.2006). Although the IJ did not express a legal standard directly, she did consider "the nature of the conviction, the circumstances and underlying facts of the conviction, the type of sentence imposed, and … whether the type and circumstances of the crime indicate that the alien will be a danger to the community." *In re Frentescu,* 18 I. & N. Dec. 244, 247 (B.I.A. 1982); *see also Afridi,* 442 F.3d at 1219 (adopting the *Frentescu* factors for "particularly serious crime" determinations).

■ 2. The BIA's determination that Petitioner did not meet his burden that "it is more likely than not that he … would be tortured if removed," 8 C.F.R. § 1208.16(c)(2), is not supported by substantial evidence, *see Bellout v. Ashcroft,* 363 F.3d 975, 979 (9th Cir.2004) (describing standard of review). We accept Petitioner's testimony as true because there is no adverse credibility finding. *Kalubi v. Ashcroft,* 364 F.3d 1134, 1137 (9th Cir. 2004). Petitioner testified that he was imprisoned for more than a year, sexually assaulted, stabbed with a machete, and beaten. He testified to the murders, mutilations, disappearances, and flight from Nigeria of several family members and to threatening letters directed to him and his family. Country reports and documents corroborated this testimony. Thus Petitioner met his burden to show a likelihood of torture if he is removed to Nigeria.

■ 3. The BIA's determination that Petitioner's feared future torture does not include the "acquiescence of a public official or other person acting in an official capacity," 8 C.F.R. § 208.18(a)(1), is not supported by substantial evidence. *See Zheng v. Ashcroft,* 332 F.3d 1186, 1194–95 (9th Cir.2003) (holding that the government need not have "actual knowledge" of torture; "willful blindness" also suffices). Petitioner testified that the Bakassi Boys were controlled by the political party in power and that military men in uniform visited the Bakassi Boys while Petitioner was captive. Additionally, the country reports suggest acquiescence by the government over vigilante groups, specifically naming the Bakassi Boys.

4. Petitioner is entitled as a matter of law to deferral of removal under the Convention Against Torture, because he "has been ordered removed; has been found under § 1208.16(c)(3) to be entitled to protection under the Convention Against Torture; and is subject to the provisions for mandatory denial of withholding of removal under § 1208.16(d)(2) or (d)(3)." 8 C.F.R. § 1208.17(a) We therefore remand to the Board of Immigration Appeals to allow deferral of removal under the Convention Against Torture.

Petition DENIED in part, GRANTED in part, and REMANDED with instructions. Costs on appeal shall be awarded to Petitioner.